# IN THE COURT OF APPEALS OF IOWA

No. 18-1151
Filed August 7, 2019

**JAMES MORIARTY,**
        Plaintiff-Appellant,

**vs.**

**STATE PUBLIC DEFENDER,**
        Defendant-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Michael D. Huppert,

Judge.

James Moriarty seeks further judicial review of a final agency decision

terminating his indigent-defense contract. **AFFIRMED.**

David L. Brown and Tyler R. Smith of Hansen, McClintock & Riley, Des

Moines, for appellant.

Thomas J. Miller, Attorney General, and David M. Ranscht, Assistant

Attorney General,  for appellee.

Considered by Vaitheswaran, P.J., Vogel, S.J.,* and Scott, S.J.*

*Senior judges assigned by order pursuant to Iowa Code section 602.9206 (2019).

**VAITHESWARAN, Presiding Judge.**

James Moriarty seeks further judicial review of a final agency decision terminating his indigent-defense contract with the State Public Defender. He contends (1) the agency's findings of fact are unsupported by substantial evidence; (2) "termination of [his] contract on an 'at will' basis is wholly irrational, illogical, and unjustifiable"; (3) and he "was not provided sufficient process pursuant to Iowa statutes, Iowa regulations, and the State and Federal Constitution."

In affirming the agency decision, the district court commented on "the extraordinarily thorough and thoughtful factual delineation contained within the final decision." The court noted, "That decision (which is 49 pages in length) identified virtually all of the pertinent facts that are at the heart of the parties' positions."

We agree with the district court's characterization. The agency's detailed and pertinent fact findings were supported by citations to the record. On our review of the record, we have no trouble concluding that the final agency decision was supported by substantial evidence. *See* Iowa Code § 17A.19(10)(f) (2017).

Turning to Moriarty's argument concerning "at will" termination, the final agency decision-maker did not terminate his contract on an "at will" basis. To the contrary, the decision-maker concluded "issues relating to termination at will" were "unripe for review" and would remain so "unless the termination for cause is reversed and a termination at will is then given effect." In light of the agency's conclusion, we have nothing to review.

Finally, Moriarty's broad assertion that he was not provided sufficient process in connection with the termination of his contract was cogently addressed

by the final agency decision-maker under a constitutional, statutory, and regulatory framework.  We discern no legal error or irrational application of law to fact in the agency's exhaustive analysis.  *See id.* § 17A.19(10)(c), (g), (i), (m).

Like the district court, we affirm the agency decision in its entirety.

**AFFIRMED.**